UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TEKTON CONSTRUCTION MANAGEMENT, LLC; TOWERY PROPERTIES, LLC; CHAD and CARI PEETS, Husband and wife; C7C RE PORTFOLIO LLC, a Delaware limited liability company; and 2005 PEETS FAMILY TRUST dated 11/15/05,<br><br>　　　　　Defendants. | Case No. 1:24-cr-00302-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are two Motions to Dismiss filed by the Plaintiff, Capitol Specialty Insurance Corporation ("CapSpecialty")—each one asking the Court to dismiss a bad faith counterclaim filed by two of the Defendants: Tekton Construction Management, LLC ("Tekton") and Towery Properties, LLC ("Towery"). Dkts. 37, 43. Tekton and Towery oppose both Motions to Dismiss. Dkts. 41, 44.

Tekton has also filed a Motion for Leave to File a Third-Party Complaint. Dkt. 45.

Upon review, and for the reasons set forth below, the Court GRANTS both Motions

to Dismiss and GRANTS Tekton's Motion to File Third-Party Complaint.[1]

## II. BACKGROUND

CapSpecialty filed this lawsuit for declaratory judgment on its obligation to provide insurance coverage for an underlying lawsuit that arises out of a fire loss.

On or about May 2, 2024, Defendants Chad and Cari Peets, C&C RE Portfolio, and the Peets Family Trust (the "Peets") filed a lawsuit against Tekton and Towery in the District of Idaho. The undersigned presides over that case. Case No. 2:24-cv-00229-DCN.

The Peets allege Towery purchased the underlying property in September 2019 and entered into a construction contract with Tekton on December 2, 2020. On October 5, 2021, the Peets entered into an agreement to purchase the property from Towery for $8.5 million dollars. The sale closed on March 9, 2023. The Peets allege that, shortly after the sale had closed, Tekton workers entered the Property to complete some finishing work. In relevant part, a Tekton employee applied linseed oil to certain wood features in the home. The employee then discarded oil-soaked paper towels which allegedly caught fire and caused significant damage to the property.

CapSpecialty issued a primary Commercial General Liability policy and an excess policy to Tekton, which were effective from October 26, 2022, to October 26, 2023. The Policies are subject to various limitations and exclusions, including without limitation an exclusion that precluded coverage when Tekton self-performed any construction work.

---

[1] The Court finds the facts and legal arguments are adequately presented and will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

MEMORANDUM DECISION AND ORDER - 2

CapSpecialty filed this lawsuit on June 25, 2024, seeking declaratory judgment that it owed no duty to defend Tekton or Towery in the underlying lawsuit. Dkt. 1.

CapSpecialty filed an Amended Complaint on August 6, 2024. Dkt. 22.

On August 20, 2024, Tekton filed its Answer and Counterclaims, asserting claims for breach of contract, bad faith, and declaratory judgment. Dkt. 25.

On October 11, 2024, Towery filed its Answer and Counterclaim, asserting claims for breach of contract, declaratory judgment, and bad faith. Dkt. 36.

CapSpecialty now moves to dismiss Tekton's bad faith counterclaim and Towery's bad faith counterclaim[2] asserting both are legally deficient and fail to state a claim for relief. CapSpecialty asks that both counterclaims be dismissed with prejudice, arguing no amendment could save either claim.[3] Tekton and Towery oppose CapSpecialty's Motions.

Separately, Tekton seeks leave of the Court to file a third-party complaint against Smith McGehee, a professional insurance broker, whom it contracted with to procure the general liability insurance policies at issue. Dkt. 46. Smith McGehee was then acquired by Acrisure, LLC ("Acrisure"). Tekton seeks to file a complaint against both Smith McGehee and Acrisure. *Id*.

Towery does not object to Tekton's request. Dkt. 49. Neither do the Peets. Dkt. 52. CapSpecialty, however, opposes the motion, alleging Tekton's motion is untimely and prejudicial. Dkt. 54.

---

[2] CapSpecialty does not seek dismissal of the other two counterclaims alleged by either Tekton or Towery.
[3] The parties briefed these motions separately. However, the Court will discuss the issues in tandem as the analysis is straightforward.

The Court will address the Motions to Dismiss first and then discuss Tekton's Third-Party Complaint.

### III. DISCUSSION

**A. Motions to Dismiss (Dkts. 37, 43)**

*1. Legal Standard*

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation modified). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1122.

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations made in the pleading under attack. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A court is not, however, "required to accept as true allegations that

are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In cases decided after *Iqbal* and *Twombly*, the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See, e.g., Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

2. *Analysis*

CapSpecialty avers both Tekton and Towery failed to allege sufficient facts to support their bad faith counterclaims and, as a result, each must be dismissed.

To plead a prima facie case of bad faith, a plaintiff must show: (1) the insurer intentionally and unreasonably denied or withheld payment; (2) the claim was not fairly debatable; (3) the denial or failure to pay was not the result of a good faith mistake; and (4) the resulting harm is not fully compensable by contract damages. *Robinson v. State Farm Mut. Auto. Ins. Co.*, 45 P.3d 829, 832 (2002).

Both bad faith counterclaims in this case, as plead, are devoid of any factual allegations that would allow the Court to draw a reasonable inference that either Tekton or Towery are entitled to relief.

In its bad faith counterclaim, Tekton incorporates by reference the factual allegations contained in its Answer, states CapSpecialty had an obligation to act in good faith in evaluating Tekton's claim, claims CapSpecialty "intentionally and unreasonably denied and/or delayed payment," and states there were resulting damages. Dkt. 25, at 24–25. Towery's claim is almost identical. Dkt. 36, at 23–24. But that's it.

MEMORANDUM DECISION AND ORDER - 5

The primary problem is Tekton[4] has simply recited the elements of a bad faith claim without any allegations or specific facts to support the claim itself. The only allegation, frankly, is the conclusory statement that CapSpecialty "unreasonably denied and/or delayed payment." But again, that isn't a specific statement about this case; that is simply the first element of a bad faith claim.

In response, Tekton asserts that, because it incorporated the preceding paragraphs into its bad faith claim, it has alleged facts sufficient to withstand CapSpecialty's motion. Tekton's response is common. And the Court has discussed before the notion that a party need not reiterate every single fact in every single claim to withstand scrutiny. *See Sagastume v. RG Transportation, Inc.*, 2019 WL 2218986, at *8 (D. Idaho May 21, 2019) (finding that even though plaintiff had omitted a particular fact in a claim section of his complaint, the omission did not warrant dismissal because he had previously stated that fact and incorporated all facts in the relevant claim section). *Accord, Lafky Properties, LLC v. Glob. Credit Union*, 2020 WL 4736296, at *3 (D. Idaho Aug. 14, 2020); *Dreyer v. Idaho Dep't of Health & Welfare*, 455 F. Supp. 3d 938, 949 n.7 (D. Idaho 2020); *Dana v. Tewalt*, 2020 WL 1545786, at *20 n.20 (D. Idaho Apr. 1, 2020). That said, this is not a situation where the claim is easily supported by facts found elsewhere in the complaint and CapSpecialty is being myopic because Tekton left out one minor detail in the claim itself. This is a situation where Tekton has not included any specific facts to begin with; alternatively suggesting CapSpecialty and the Court should be able to ascertain its position

---

[4] The Court will refer to Tekton and its counterclaim, but the same analysis applies to Towery and its counterclaim as well.

MEMORANDUM DECISION AND ORDER - 6

from the general tenor of its 28-page answer and counterclaim. Such is not appropriate.

Specifically, Tekton failed to plausibly allege there was an intentional or unreasonable denial of coverage or delayed payment as the first prong of a bad faith claim. It has the phrase "intentionally and unreasonably denied and/or delayed payment," but did nothing to explain the who, what, where, when, why, or how of that assertion.

Tekton does not address how, or even if, the claim at issue was not fairly debatable (the second prong) or the result of a good faith mistake (third prong).

Finally, Tekton failed to allege the resulting harm is not fully compensable by contract damages. Tekton, again, simply restates the element by alleging that "Tekton sustained damages in an amount to be proven at trial, but which is not fully compensable under contract." Dkt. No. 25, at 25. But the burden of proof is on the insured to plead it is entitled to damages beyond those compensable under the contract.

In short, Tekton has not done enough here to put CapSpecialty on notice.[5]

That said, the Court disagrees with CapSpecialty that Tekton (and Towery) could not save their claims via amendment. The Court should liberally grant leave to amend and CapSpecialty has not persuasively shown Tekton would be wholly unable to set forth additional factual allegations to support its bad faith claim and more directly put CapSpecialty on notice of the boundaries of its allegations.

Accordingly, CapSpecialty's Motions to Dismiss are GRANTED and Tekton and Towery's bad faith counterclaims are dismissed. However, the Court will grant each

---

[5] Again, Towery's similarly barebones bad faith claim cannot withstand scrutiny for the same reasons discussed herein.

defendant leave to amend this claim—should either so choose.

### B. Motion for Leave to File Third-Party Complaint (Dkt. 45)

*1. Legal Standard*

The Federal Rules permit a defendant to file and serve a third-party complaint on a nonparty who "may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Where the defendant (the third-party plaintiff) seeks to file its third-party complaint more than 14 days after serving its original answer, it must move the court for leave to do so. *Id*.

It is within the "sound discretion of the trial court" to grant a motion to implead a third-party defendant. *United States v. One 1977 Mercedes Benz, 450 SEL, VIN 11603302064538*, 708 F.2d 444, 452 (9th Cir. 1983). Courts consider a variety of factors when exercising this discretion. *See Helferich Pat. Licensing, LLC v. Legacy Partners, LLC*, 917 F. Supp. 2d 985, 988 (D. Ariz. 2013). However, the "crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988). A court should also consider Rule 14's purpose of "promot[ing] judicial efficiency by eliminating the necessity for the defendant to bring a separate action[.]" *SW Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). Doing so "guarantees consistent results, saves the time and cost involved in the needless repetition of evidence at a subsequent trial, and prevents the defendant in the original action from being handicapped by the time which may elapse between a judgment against him and a judgment in his favor against the insurance company." *Colton*, 527 F.2d at 299.

MEMORANDUM DECISION AND ORDER - 8

*2. Analysis*

Tekton seeks to bring a third-party complaint against Smith McGehee and Acrisure—the professional insurance broker whom it contracted with to procure the general liability insurance policies at issue in this case. As noted, only CapSpecialty opposes Tekton's Motion. Dkt. 54. It avers there are four reasons the Court should deny the motion. The Court will address each in turn.

First, CapSpecialty claims Tekton's motion is untimely because it was aware of Smith McGehee's involvement since the outset of this case. Although it has taken the Court some time to address the pending motions in this case, Tekton filed its Motion for Leave to File Third-Party Complaint just five months after CapSpecialty's Amended Complaint and just three months after the scheduling order was entered in this case. While it may have known about Smith McGehee's involvement earlier, it was not dilatory in bringing this motion—particularly consider other motions (namely, the above motions) were in the middle of briefing at the same time. The minor delay, if it can be called a delay, does not concern the Court.

CapSpecialty next asserts Tekton's third-party complaint fails to state a claim for relief and highlights various factual disputes about the allegations contained therein. At this stage, the Court need not review the factual disputes. Valid claims have been asserted—with supporting facts (Dkt. 47, at 14–16)—and the standard under Rule 14 is not the same as the standard under Rule 12 and a motion to dismiss. Moreover, CapSpecialty likely does not have standing to raise such arguments. *See, e.g., Clark Cty. v. Jacobs Facilities, Inc.*, 2011 WL 4458797, at *1, (D. Nev. Sep. 21, 2011) ("Any Rule 12 defenses

to Defendants' third-party claims are properly raised by . . . [a] third-party defendant in its answer to the third-party complaint, not by . . . the original plaintiff in opposition to a motion for leave to file.").

Third and fourth, CapSpecialty argues allowing leave to amend would unduly complicate the proceedings and be prejudicial. The Court sees no prejudice or undue delay in granting Tekton's motion particularly where there is no trial set in this matter and discovery is ongoing.

In sum, the Court finds Tekton has met its burden and will GRANT the Motion to File Third-Party Complaint.

## IV. CONCLUSION

For the reasons explained above, the Court finds Tekton and Towery have not sufficiently pleaded their bad faith causes of action. Each is dismissed. However, should either Defendant desire, it may amend that claim within 14 days of the date of this order to more fully apprise CapSpecialty of the allegations giving rise to that claim.

Tekton may file its Third-Party Complaint.

On an unrelated note, Tekton has indicated its intent to file a Motion for Summary Judgment and has asked to file an overlength brief in support. Dkt. 71. Towery, the Peets, and CapSpecialty have indicated they do not oppose the request. Dkts. 73, 74, 75. Good cause appearing, the Court will grant the Motion and allow an overlength brief. That said, considering the Court's ruling on these three motions today, it *may* be prudent for the parties to discuss whether the current deadlines are still appropriate. For the parties benefit, the Court also notes it will shortly be issuing an order on the pending motions in the

underlying case. The Court is not implying anything specific needs to happen as a result of its decisions; only that the parties may want to pause, meet and confer, and assess the most efficient and organized way to move forward in light of the Court's rulings.

## V. ORDER

1. CapSpecialty's Motion to Dismiss Tekton's Bad Faith Counterclaim (Dkt. 37) is GRANTED.

2. CapSpecialty's Motion to Dismiss Towery's Bad Faith Counterclaim (Dkt.43) is GRANTED.

3. Either Defendant wishing to Amend its bad faith claim may do so within 14 days of the date of this order.

4. Tekton's Motion to File Third-Party Complaint (Dkt. 45) is GRANTED. Tekton shall officially file its Third-Party Complaint (Dkt. 47) within 7 days of the date of this order.

5. Tekton's Motion to File Overlength Brief (Dkt. 71) is GRANTED.

DATED: February 11, 2026

_____
David C. Nye
U.S. District Court Judge